UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

| | |
|---|---|
| Bayard | Civil Action No. 13-01536 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Cameron, Inc. | By Consent of the Parties |

### MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment filed by Defendant Cameron, Inc. ("Cameron") [Rec. Doc 51], Plaintiff, Brayton Bayard's, Memorandum in Opposition [Rec. Doc. 55] and Supplemental Memorandum in Opposition [Rec. Doc. 83], and American Interstate Insurance Company's Opposition to the Motion For Summary Judgment  [Rec. Doc. 56] and Supplemental Opposition[1] [Rec. Doc. 88] adopting Plaintiff's Memoranda. For the reasons that follow, the Court will deny the Motion.

*Background*

This action arises out of an incident that occurred on November 30, 2011, at an enclosed facility owned and operated by Cameron, located in the Port of Iberia, Iberia Parish, Louisiana. On the day of the incident, Plaintiff was working as a driver and rigger for Berard Transportation, Inc. ("Berard") on a job at Cameron's enclosed facility. The job involved lowering and securing a large cylindrical vessel ("desalter") on a mobile

---

[1] Plaintiff's original counsel withdrew on February 4, 2016. *R. 65*.  The Court allowed Plaintiff's subsequently enrolled counsel to file a supplemental brief in opposition to the motion. *R. 78.*

transporter known as a "Goldhofer" or "crawler" with wooden chocks and industrial chain, then transporting the desalter from Cameron's manufacturing building to an adjoining storage yard owned and operated by Cameron. The desalter was 82 feet, 2 inches in length, 14 feet, 5 inches in diameter, and weighed 159 tons.

After the vessel was lowered onto the Goldhofer by a crane owned and operated by Cameron, Plaintiff, along with his co-employees, Jacob Boudreaux, Henry Lee and Dustin Lemaire, two unknown employees of Cameron, and Ravis Belaire, Jr., another Cameron employee, wedged two wooden chocks on each side of the vessel—four chocks total—to secure the vessel and prevent it from rotating or falling while it was being moved. During this process, Plaintiff and Belaire were positioned around the chocks located on the left side of the vessel while Boudreaux and the two unknown Cameron employees were positioned around the chocks located on the right side of the vessel, which was on the opposite end of the Goldhofer as Plaintiff and Belaire.

Boudreaux and the two unknown Cameron employees, who were on the opposite side of the Goldhofer from Plaintiff, wrapped the chains around the two chocks located on their side, tightened it with the ratchet binder and then Boudreaux passed the ratchet binder to Plaintiff in order for him to secure the chains around the two chocks located on his side of the Goldhofer.

Plaintiff then hooked one end of the ratchet binder on the chains wrapped around the two chocks located on the side of the Goldhofer where he and Belaire were

positioned. Plaintiff then attempted to attach the other end of the ratchet binder onto the other end of the chains, and as he did so, a threaded end of the ratchet binder came apart from the body of the ratchet binder. Plaintiff fell off the Goldhofer and landed on the floor.

*Procedural History*

Plaintiff filed an original Petition for Damages related to the incident in the Sixteenth Judicial District Court for the Parish of Iberia, State of Louisiana, on November 29, 2012. Plaintiff alleged that Cameron was liable under Louisiana's negligence statute for failing to properly thread the ratchet binder, failing to follow applicable safety rules regarding the treading of ratchet binders, failing to follow applicable safety rules regarding the handling and/or transfer of ratchet binders, failing to train its employees on safety rules regarding the handling and/or transfer of ratchet binders, failing to exercise reasonable care of the safety of others on the job and failing to properly monitor or supervise its employees during the time of plaintiff's injury. *R. 1-1,¶ 8.*

On February 13, 2013, American Interstate Insurance Company ("AAIC"), the workers' compensation insurer of Berard, filed a Petition of Intervention in the state court proceeding, naming Plaintiff and Cameron as defendants. *R. 5*. Cameron removed this action pursuant to 28 U.S.C. § 1441, *et seq.*, based on the existence of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *R. 1*.

On June 17, 2014, the parties consented to trial jurisdiction before Magistrate

Judge C. Michael Hill, the undersigned's predecessor. *R. 21*. Thereafter, on February 13, 2015, Cameron filed its first motion for summary judgment on the grounds that the incident at issue arose from work performed by an independent contractor over which Cameron exercised no operational control and committed no independent act of negligence. *R. 30; 32.* Plaintiff opposed Cameron's motion citing Plaintiff's deposition testimony and arguing that the circumstantial evidence in the case constituted material facts which disputed Cameron's motion. Judge Hill heard oral argument on the motion on April 23, 2015 and denied Cameron's motion finding disputed issues of fact. *R. 43*.

Cameron filed the motion for summary judgment at bar on December 6, 2015. In its motion, Cameron argues that the deposition testimony of Boudreaux "negates any inference that a Cameron employee 'negligently handled' the ratchet binder." *R. 51-3*. Thus, Cameron asserts, because "there is no specific proof a Cameron employee acted negligently," the Court should grant its summary judgment and dismiss Plaintiff's claims against it. *Id.*

For the reasons discussed herein, the Court finds that genuinely disputed issues of material fact preclude summary judgment in Cameron's favor. Accordingly, Cameron's motion for summary judgment will be denied

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled

to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio.*, 475 U.S. 574, 586 (1986). A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460,465 (5th Cir.2005). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008), *citing Anderson* at 252.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn* at 508. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008), *citing Celotex* at 325. The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Sun Trust Bank of Georgia*,

431 F.3d 191, 197 (5th Cir.2005).

*Analysis*

Cameron bases its motion on the June 3, 2015 deposition testimony of Plaintiff's co-worker, Boudreaux. *R. 51-4, Exh. A*. Cameron contends that because Boudreaux's testimony reflects that he "found nothing wrong with the ratchet binder before he passed it" to Plaintiff, his deposition negates any inference that a Cameron employee negligently handled the ratchet binder. *R. 51-3.*

In his deposition, Boudreaux testified consistent with Plaintiff's testimony, that he did not see who retrieved the ratchet binders from the truck or the bin. Nor did he know who placed the ratchet binders on the floor next to the transporter. When the two unknown Cameron employees handed the ratchet binders to Boudreaux, the two threaded connections were "assembled together." *R. 51-4, pp. 51-52, R. 55-1, pp. 110-111*. The pertinent testimony of Boudreaux at issue in this motion is as follows:

> Q. After you were handed the ratchet binder and before you slid it over to Mr. Bayard, did you examine the ratchet binder?
> A. I don't believe. I mean, it is just something we use everyday. I just gave it – sent it over to him, as far as I recall.
> Q. And in the process of holding it and sliding it over to him and what you were able to see, do not recall there was anything wrong with the ratchet binder before you slid it over to him?
> A. No.
> Q. As you handled the ratchet binder and before you slid it over to him, did you find that the threaded connections were threaded into the body of the ratchet?
> A. They were threaded in I mean, threaded in enough to hold the two ends on. Other than that, I don't really remember how far or, you, how out they were.

> Q. Were they threaded in far enough so that the threaded connections on each side were stable: It didn't seem to you like they were --
> A. Oh, no, they were --
> Q. – on the verge of falling out?
> A. – no, at that point, no, they were stable at that point."

*R. 51-4, pp. 51-52.* Cameron contends that this testimony negates any inference that a Cameron employee negligently handled the ratchet binder.

Plaintiff disputes Cameron's interpretation of the foregoing testimony. Instead, Plaintiff argues that Boudreaux's testimony supports the inferences that a Cameron employee "negligently handled" the ratchet binder because Boudreaux admittedly did not examine the ratchet binder prior to passing it to Plaintiff. Plaintiff cites his own affidavit of December 23, 2015 in which he states that "[p]rior to Jacob Boudreaux passing me this ratchet binder, I did not see him inspect, examine, manipulate or alter the threading of the ratchet binder." *R. 55-3, Exh. 3.*

The Court agrees that Boudreaux's testimony does not negate any inference that a Cameron employee negligently handled the ratchet binder. Instead, Boudreaux's testimony supports Plaintiff's affidavit that he did not see Boudreaux examine the ratchet binder and that when it was passed to him it was "in the configuration ... ready to use... [i]t was assembled together." *R. 55-1, p. 111, ll.15 - 25.*

Cameron further argues there are "other countervailing inferences" which can be drawn to explain why the threaded connection to the ratchet binder parted—all of which are adverse to Plaintiff. Based on these adverse inferences, Cameron states it is "impermissible"

for the Court to deny summary judgment. Cameron criticizes Magistrate Judge Hill's denial of its previous motion for summary judgment as being "a fundamental misapplication of the roles governing summary judgment." Cameron, however, appears to be confused as to the law and jurisprudence applicable to Rule 56 motions for summary judgment.

Here, the parties dispute whether or not Boudreaux observed that there was nothing wrong with the ratchet binder before he passed it to Plaintiff. Also, while Cameron maintains there are several scenarios in which Plaintiff could have caused the threaded connection to fail, it has provided no admissible evidence to prove that these inferences are more reasonable than that maintained by Plaintiff. In a case based on circumstantial evidence such as this one, it is a well-established legal principle that the Court must draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party—Plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010).

In his Supplemental Opposition, Plaintiff contends that the facts and evidence provide that the Cameron and Berard employees were actively working together in fastening/ratcheting the vessel to the platform. Cameron employees handled the rachet binder immediately before Berard yet either failed to make up the ratchet binder or failed to recognize the hazard of the tool before handing it to Plaintiff. Plaintiff contends that this failure renders Cameron liable for Plaintiff's injuries and damages. He maintains that a genuine issue of material fact exists as to the Cameron staff's knowledge and responsibility

to ensure that the tools they handled and worked with were safe for their intended use.

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Doubts are resolved in favor of the nonmoving party, and any reasonable inferences are drawn in favor of the nonmoving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir.2000). The Court will therefore deny Cameron's Motion For Summary Judgment.

Signed May 24, 2016 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE